UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DETROIT TARPAULIN AND REPAIR SHOP, INC.,

         Plaintiff,  CIVIL CASE NO. 05-40325

v.

               HONORABLE PAUL V. GADOLA
TRI-STATE TARP, INC. and BRENT  U.S. DISTRICT COURT
NITSCHE,

         Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

    This contract action was removed by Defendants on October 24, 2005, on the basis of diversity jurisdiction. The complaint names Tri-State Tarp, Inc. and its principal owner, Brent Nitsche, as defendants. Before the Court is Defendant Brent Nitsche's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c). The motion seeks to have Plaintiff's complaint against Defendant Nitsche, individually, dismissed for failure to state a claim upon which relief can be granted.

    The proof of service for Defendant's motion indicates that it was served on Plaintiff on December 9, 2005. Plaintiff has not filed a response opposing the motion. Local Rule 7.1(b) for the Eastern District of Michigan requires that a "respondent opposing a motion **must** file a response, including a brief and supporting documents then available." *See* E.D. Mich. Local R. 7.1(b) (emphasis added). Local R. 7.1(d)(2)(B) requires that responses to dispositive motions are due within twenty-one (21) days of service of the motion. E.D. Mich. Local R. 7.1(d)(1)(B). Accordingly, the response to this motion was due on approximately January 3, 2006, *see* Fed. R.

Civ. P. 6(e), and since no response has been filed, the motion is unopposed.

The Court, having reviewed Defendant's motion, exhibits, and the applicable law, determines that for reasons stated in the motion and its accompanying brief, the Court will dismiss Plaintiff's claims against Defendant Nitsche as an individual. Specifically, the Court concludes that under Michigan law Defendant Nitsche, the agent, cannot be held personally liable for the debts of Defendant Tri-State Tarp, Inc., the principal, where the principal was disclosed and no agreement providing for such liability is alleged. *See Gibbs v. Detroit Trust Co.*, 264 Mich. 308, 312 (1933); *Huizenga v. Withey Sheppard Asso.*, 15 Mich. App. 628, 633 (1969).

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant Nitsche's motion to dismiss [docket entries 12 & 13] is **GRANTED** and Plaintiff's claims against Defendant Nitsche as an individual are **DISMISSED** from this action.

**SO ORDERED.**

Dated:  February 8, 2006               s/Paul V. Gadola
                                        HONORABLE PAUL V. GADOLA
                                        UNITED STATES DISTRICT JUDGE

| Certificate of Service |
|---|
| I hereby certify that on  February 9, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:<br>         Eric A. Buikema; Thomas G. Cardelli; Craig J. Pollard         , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                               .<br><br>                                        s/Ruth A. Brissaud<br>                                        Ruth A. Brissaud, Case Manager<br>                                        (810) 341-7845 |

2